IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD PADILLA,<br><br>    Plaintiff,<br><br>  v.<br><br>BANK OF AMERICA, et al.,<br><br>    Defendants.<br>_____ / | No. C 13-2241 MMC<br><br>**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS; AFFORDING PLAINTIFF LEAVE TO FILE SECOND AMENDED COMPLAINT; VACATING MARCH 21, 2014 HEARING; CONTINUING CASE MANAGEMENT CONFERENCE** |

Before the Court is defendants Bank of New York Mellon, Mortgage Electronic Registration Systems, Inc., and Treasury Bank, N.A.'s (collectively, "BNYM") Motion to Dismiss, filed February 4, 2014. Plaintiff Ronald Padilla ("Padilla") has filed opposition, to which BNYM has replied. Also before the Court is defendant OneWest Bank, FSB's ("OneWest") Motion to Dismiss, filed February 14, 2014. Padilla has filed opposition, to which said OneWest has replied. Having read and considered the papers filed in support of and in opposition to the motions, the Court deems the matters suitable for determination on the parties' respective written submissions, VACATES the hearing scheduled for March 21, 2014, and rules as follows:

    1. The Third Cause of Action alleges a violation of 15 U.S.C. § 1681s-2, which statute requires "furnishers" of credit information "to provide accurate information" to "consumer reporting agencies" ("CRA"), see 15 U.S.C. § 1681s-2(a), and, in addition,

imposes specific duties on such furnishers "upon notice of dispute" by such an agency, see 15 U.S.C. § 1681s-2(b).  "[E]nforcement of the duties imposed by § 1681s-2(a)" is "limited . . . to governmental bodies," see Nelson v. Chase Manhattan Mortgage Corp., 282 F.3d 1057, 1060 (9th Cir. 2002), whereas § 1681s-2(b) "create[s] a cause of action for a consumer against a furnisher of credit information," see id. at 1058.  Padilla, however, has failed to allege that he "notifie[d]" a CRA of any dispute, see 15 U.S.C. § 1681i(a)(1)(A), or that defendants received notice of such a dispute from said CRA, see 15 U.S.C. § 1681s-2(b)(1), let alone failed after receiving such notice to "conduct an investigation with respect to the disputed information," see id. § 1681s-2(b)(1)(A).  Padilla requests that he be given leave to amend "any causes of action that are found to require further elaboration." (See Opp'n to BYNM MTD 7:21-23; Opp'n to OneWest MTD 11:7-9.)  Although, as BYNM and OneWest correctly point out, Padilla, in support of such request, has identified no additional facts he is able to allege in an effort to state a claim under 15 U.S.C. § 1681s-2(b), the only subsection of § 1681s-2 that allows for a private right of action, the Court nonetheless will afford him the opportunity to plead such facts if he is able.  Accordingly, the Third Cause of Action will be dismissed with leave to amend.

      2. The remaining defendant, Meridian Foreclosure Service ("Meridian"), has not appeared, and Padilla has not filed proof that Meridian has been served with a summons and copy of the complaint.  The deficiency identified above with respect to the Third Cause of Action is equally applicable to Meridian, however, and, accordingly, said cause of action will be dismissed as to Meridian as well, with leave to amend as described above. See Silverton v. Dep't of Treasury, 644 F.2d 1341, 1345 (9th Cir. 1981) (holding, where court grants motion to dismiss as to one defendant, court may dismiss claims against non-moving defendants "in a position similar to that of moving defendants").

      3. Padilla's remaining causes of action arise under state law, and, because the parties are not diverse in citizenship, the Court's jurisdiction over the state law claims is supplemental in nature. See 28 U.S.C. § 1367(a).  Where a court has dismissed all claims over which it has original jurisdiction, it may decline to exercise supplemental jurisdiction

over the remaining claims.  See 28 U.S.C. § 1367(c)(3).  Here, given the early stage of the proceedings, the Court declines to exercise supplemental jurisdiction over the state law claims, and, accordingly, the state law claims will be dismissed without prejudice to refiling in state court,[1] or, alternatively, if Padilla elects to amend the Third Cause of Action, without prejudice to refiling in this action.

**CONCLUSION**

For the reasons stated above:

Defendants' motions to dismiss are, in each instance, hereby GRANTED, as follows:

1. The Third Cause of Action is DISMISSED with leave to amend.

2. The remaining causes of action are DISMISSED, without prejudice to Padilla's refiling those claims in state court, or, alternatively, if Padilla elects to amend the Third Cause of Action, without prejudice to refiling in this action.

3. In the event Padilla wishes to file a Second Amended Complaint, Padilla shall file such pleading no later than April 4, 2014.  In any such Second Amended Complaint, Padilla may amend only the Third Cause of Action; additionally, he may replead the state law claims alleged in the initial complaint.  Padilla may not, however, add any new federal or state law claims, or add any new defendant, without first obtaining leave of court.  See Fed. R. Civ. P. 15(a)(2).

4. The Case Management Conference currently set for April 18, 2014 is hereby CONTINUED to June 20, 2014.

**IT IS SO ORDERED.**

Dated: March 17, 2014

MAXINE M. CHESNEY
United States District Judge

---

[1] In both of his oppositions, Padilla requests that the instant action, if dismissed, be "remand[ed]" to state court.  (See, e.g., Opp'n to BNYM MTD 7:19-20.)  Padilla's complaint, however, was initially filed in federal court and, consequently, remand is not available.